1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SANTORRIO WAGNER, | CASE NO.   C04-5562FDB |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| JO ANNE B. BARNHART,<br>Commissioner of Social Security, | Noted for September 2, 2005 |
| Defendant. | |

16   This matter has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. §

17   636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by <u>Mathews, secretary of H.E.W.

18   v. Weber</u>, 423 U.S. 261 (1976).  This matter has been fully briefed, and after reviewing the record, the

19   undersigned recommends that the Court remand the matter for further proceedings.

20                                INTRODUCTION AND PROCEDURAL HISTORY

21   Plaintiff, SantorrioWagner, was twenty-eight years old in September 2000 (his alleged onset

22   month), thirty years old on December 31, 2002 (the date his insured status expired), and thirty years old on

23   March 5, 2003 (the date of the ALJ's decision). (Tr. at 25-26, 64).  Wagner completed the eleventh grade.

24   (Tr. at 85, 96, 130.) He took some special education classes. (Tr. at 85, 96).  Wagner has worked at many

25   different jobs, including as a janitor, packer, data entry worker, cable installer, sales representative,

26   telemarketer, stocker, forklift operator, and warehouse worker. (Tr. at 74, 88-92, 95-96, 130, 137, 181,

27   253).

28   In December 2000, Wagner applied for DIB and SSI, stating that he had been disabled since

REPORT AND RECOMMENDATION
Page - 1

1  September 2000. (Tr. at 64.) After his applications were denied initially and on reconsideration, he
2  requested a de novo ALJ hearing. (Tr. at 39, 43, 49, 53.) On February 3, 2003, Wagner appeared with
3  counsel and testified at an administrative hearing before ALJ John Bauer. (Tr. at 276.) In addition,
4  Teresa Taylor, Wagner's girlfriend, testified. (Tr. at 276, 328.) On March 5, 2003, the ALJ decided that
5  Wagner was not disabled. (Tr. at 25-26.)  On July 6, 2004, the ALJ's decision became the Commissioner's
6  final decision when the Appeals Council denied Wagner's request for review. (Tr. at 6.) 20 C.F.R. §
7  422.210(a) (2004). Wagner then initiated this civil action for judicial review of the Commissioner's final
8  decision. 42 U.S.C. § 405(g).

9  In response to plaintiff's opening brief and arguments made therein, defendant concedes the ALJ
10 erred in making her decision.  Specifically, defendant agrees that the ALJ failed to properly evaluate
11 plaintiff's impairments, his residual functional capacity, or his ability to perform other work.  After
12 reviewing the record, this court finds that a remand for further proceedings is appropriate.

13                                    DISCUSSION

14 The decision whether to remand a case for further proceedings or simply to award benefits is within
15 the discretion of the court.  Harman v. Apfel, 211 F.3d 1172, 1176-1178 (9th Cir. 2000).  An award of
16 benefits is appropriate when no useful purpose would be served by further administrative proceedings, or
17 when the record has been fully developed and there is not sufficient evidence to support the ALJ's
18 conclusion.  Rodriguez v. Bowen, 876 F.2d 759, 763 (9th Cir. 1989). Remand is appropriate where
19 additional administrative proceedings could remedy defects. Id.; Bilby v. Schweiker, 762 F.2d 716, 719
20 (9th Cir. 1985) (*citing* Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984)).  Where remand would only
21 delay the receipt of benefits, judgment for the claimant is appropriate.  Rodriguez, 876 F.2d at 763.

22 Here the parties agree the ALJ erred and the matter should be remanded for further proceedings.
23 The errors made by the ALJ requires the administration to reconsider or reevaluate steps two through five.
24 Plaintiff strenuously argues the court should make specific findings and direct the administration to follow
25 specific case law and directions on remand.  At the same time, plaintiff asks the court to disregard
26 defendant's suggestion that a medical expert may be useful on remand and such an expert should not be
27 ordered to testify in this matter.

28 Generally, the court's review is limited to determine whether the ALJ applied the proper legal

standard and whether there is substantial evidence in the record as a whole to support the decision. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986). Remand is appropriate where additional administrative proceedings could remedy defects. Rodriguez v. Bowen, 876 F.2d 759, 763 (9th Cir. 1989); Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985) (*citing* Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984)). If an error is identified by the court and remand is appropriate, the court should refrain from making any factual findings, which the agency will be able to cure with further proceedings. The court is not persuaded to make any specific directions to the administration on remand. On remand, it is assumed the agency will do its best to reevaluate the case consistent with the applicable laws and regulations to cure those identified mistakes.

## CONCLUSION

Based on the foregoing discussion, the administrative decision should be remanded for further proceedings consistent with this decision. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **September 2, 2005**, as noted in the caption.

DATED this 11th day of August, 2005.

                             */s/ J. Kelley Arnold*
                             J. Kelley Arnold
                             U.S. Magistrate Judge